UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AXEL GUTIERREZ, *et al.*                          CIVIL ACTION

VERSUS                                            NO. 23-2266

ALLSTATE FIRE AND CASUALTY                        SECTION M (4)
INSURANCE COMPANY, *et al.*

## **ORDER & REASONS**

Before the Court is plaintiffs' motion to remand.[1]  The motion is set for submission on

August 24, 2023.[2]  Local Rule 7.5 of the United States District Court for the Eastern District of

Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days

before the noticed submission date, making the deadline in this instance August 16, 2023.

Defendants, who are represented by counsel, did not file an opposition to the motion.  Accordingly,

because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 6.

[2] R. Doc. 6-3.

[3] Plaintiffs filed this case in state court, alleging claims for damages arising out of a motor vehicle accident. R. Doc. 1-2 at 8-10.  The petition does not state an amount of damages, but alleges that plaintiff "Axel Gutierrez has sustained serious injuries including but not limited to injuries to his left knee, neck and back, together with past and future mental anguish and physical suffering; past and future loss of enjoyment of life; past and future expenses for medical care and lost wages." *Id.* at 9.  Defendants removed the action to this Court, asserting diversity subject-matter jurisdiction under 28 U.S.C. § 1332.  R. Doc. 1 at 2.  With respect to the amount in controversy, defendants stated that plaintiffs' counsel advised via telephone that she could not say the case was worth less than $75,000. *Id.* at 3.  Plaintiffs filed the instant motion to remand, arguing that the amount-in-controversy requirement for diversity subject-matter jurisdiction is not satisfied because defendants failed to put forth summary-judgment-type evidence that the claimed damages indeed exceed $75,000.  R. Doc. 6.  When a state-court petition does not assert the amount of monetary damages, as is the case here, the defendant must prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence.  *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). This can be accomplished "'(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy – preferably in the removal petition, but sometimes by affidavit – that supports a finding of the requisite amount.'" *Id.* (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).  Here, defendants have failed to meet this standard.  They present no evidence of the amount in controversy other than that plaintiffs' counsel could not say that it was less than $75,000 at this early stage of the litigation.  As diversity subject-matter jurisdiction is not present at this time, the motion to remand must be granted.  However, as plaintiffs acknowledge, R. Doc. 6-1 at 6-7, this remand does not prejudice defendants' right to remove the action at a latter date if new "other paper" proves by a preponderance of the evidence that the jurisdictional threshold is satisfied.

IT IS ORDERED that plaintiffs' motion to remand is GRANTED, and this matter is REMANDED to the Civil District Court, Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 17th day of August, 2023.


_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE